NEWMEYER & DILLION LLP
CHARLES S. KROLIKOWSKI, CBN 185177
Charles.Krolikowski@ndlf.com
JASON MOBERLY CARUSO, CBN 287809
Jason.Caruso@ndlf.com
895 Dove Street, Fifth Floor
Newport Beach, California 92660
(949) 854-7000; (949) 854-7099 (Fax)

Attorneys for Plaintiffs
SCHUYLER LIFSCHULTZ, MYLES SACHS, and
ASHBY ENTERPRISES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHUYLER LIFSCHULTZ; MYLES SACHS; and ASHBY ENTERPRISES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN JUAN CAPISTRANO; J.R. TORREZ, individually; ALEJANDRA MOLINA, individually; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 8:19-cv-01497-JVS-ADS<br>JUDGE: Hon. James V. Selna, 10C<br>MAGISTRATE: Autumn D. Spaeth<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>FILE DATE: August 2, 2019<br>FAC FILED: December 27, 2019<br>TRIAL DATE: January 12, 2021 |

3733.101 / 8784182.1

**1.  PURPOSE AND LIMITS OF THIS ORDER**

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation.  Thus, the Court enters this Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles.  This Order does not automatically authorize the filing under seal of material designated under this Order.  Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal.  This Order does not govern the use at trial of material designated under this Order.

The parties to this stipulated order intend to be bound by it pending its entry by the Court.

**2.  GOOD CAUSE STATEMENT**

This action is likely to involve information as to the personal financial information of Defendants' JR Torrez and Alejandra Molina as well as that of Plaintiffs. The parties to this stipulated order agree that all information obtained as to the personal financial information of JR Torrez, Alejandra Molina, or any of the Plaintiffs whether through written discovery, document production, or by testimony, is to be treated as for "confidential – for attorney's eyes only".

**3.  DEFINITIONS**

    **A.**    <u>Action</u>:  8:19-cv-01497-JVS-ADS.

    **B.**    <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

    **C.**    <u>"Confidential – for Attorney's Eyes Only" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**D.** Counsel: Outside Counsel of Record as well as their support staff).

**E.** Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential - Attorney's Eyes Only"

**F.** Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**G.** Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel, or a Non-Party or it's counsel to serve as an expert witness or as a consultant in this Action.

**H.** Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**I.** Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

**J.** Party: Any party to this Action at any time, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**K.** Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

///
///
///

  **L.** <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  **M.** <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "Confidential - Attorney's Eyes Only".

  **N.** <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**4.** **SCOPE**

  **A.** The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel, or Non-Parties or their Counsel, that might reveal Protected Material.

  **B.** Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**5.** **DURATION**

  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

/ / /

## 6. DESIGNATING PROTECTED MATERIAL

**A.     Over-Designation Prohibited**. Any party or non-party who designates information or items for protection under this Order as "Confidential - Attorney Eyes Only" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**B.     Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend ("Confidential - "Attorney Eyes Only") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

   **(1)** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as "Confidential - Attorney Eyes Only". After the inspecting party has identified the documents it wants copied and produced, the producing party

|   |   |   |
|---|---|---|
|   |   | must designate the documents, or portions thereof, that qualify for protection under this Order. |
|   | **(2)** | Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated"– "Confidential - Attorney's Eyes Only" unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated. |
|   | **(3)** | **Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order. |

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties)

may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.** **ACCESS TO DESIGNATED MATERIAL**

 **A.** **Basic Principles.**  A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

 **B.** **Disclosure of CONFIDENTIAL-ATTORNEYS EYES ONLY Material Without Further Approval.**  Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated "Confidential - Attorney's Eyes Only" only to:

  **(1)** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

  **(2)** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

  **(3)** The Court and its personnel;

  **(4)** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

 **C.** **Disclosure of "CONFIDENTIAL – ATTORNEY EYES ONLY" Material Without Further Approval.**

  Unless permitted in writing by the designator, a receiving party may disclose material designated "Confidential  Attorney Eyes Only"

without further approval only to the receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

 **(1)** The Court and its personnel;

 **(2)** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

 **(3)** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**D.** **Procedures for Approving or Objecting to Disclosure of "Confidential Attorney Eyes Only" Material to In-House Counsel or Experts**.

Unless agreed to in writing by the designator:

 **(1)** A party seeking to disclose to in-house counsel any material designated "Confidential Attorney Eyes Only" must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.

 **(2)** A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated "Confidential Attorney Eyes Only" must first make a written request to the designator that (1)identifies the general categories of "Confidential Attorney Eyes Only" information

that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**(3)** A party that makes a request and provides the information specified in paragraphs 4.D.1 or 4.D.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

**(4)** All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

/ / /

/ / /

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

    A.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "Confidential - Attorney's Eyes Only". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    B.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        **(1)**    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        **(2)**    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        (3)    Make the information requested available for inspection by the Non-Party, if requested.

    C.    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

### 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**A. Subpoenas and Court Orders**. This Order in no way excuses noncompliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**B. Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential -– Attorney Eyes Only", that party must:

(1) Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

(2) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(3) Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**C. Wait For Resolution of Protective Order**. If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "Confidential – Attorney Eyes Only" before a determination by the court where the subpoena or order issued, unless the party has obtained

the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**11. UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**13. FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue.

///

## 14. MISCELLANEOUS

**A.** **Right to Further Relief:** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**B.** **Right to Assert Other Objections**: Nothing in this Order abridges the right any party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this stipulated protective order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this protective order.

## 15. FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

///
///
///
///
///

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 6, 2020  NEWMEYER & DILLION LLP

By: */s/ Jason Moberly Caruso*
Charles S. Krolikowski
Jason Moberly Caruso
Attorneys for Plaintiffs SCHUYLER LIFSCHULTZ, MYLES SACHS, and ASHBY ENTERPRISES, LLC

Dated: July 6, 2020  KUTAK ROCK LLP

By: */s/ Christopher D. Glos*
Edwin J. Richards
Christopher D. Glos
Attorneys for Defendants CITY OF SAN JUAN CAPISTRANO, J.R. TORREZ, AND ALEJANDRA MOLINA

IT IS SO ORDERED.

DATED: July 7, 2020  /s/ Autumn D. Spaeth
HONORABLE AUTUMN D. SPAETH
United States District Judge

# EXHIBIT A
# AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

3733.101 / 8784182.1

STIPULATED PROTECTIVE ORDER